Sari **NIEMINEN,** as Administratrix ad Prosequendum of Seppo Olavi Nieminen, deceased, and as of the Administratrix of the Estate of Seppo Olavi Nieminen, deceased, and Sari Nieminen, Individually, Plaintiff,

v.

**BREEZE–EASTERN, A DIVISION OF TRANSTECHNOLOGY CORPORATION, Defendant.**

Civ. A. No. 89–3831.

United States District Court, D. New Jersey.

April 25, 1990.

---

Thomas F. Campion, Bruce L. Shapiro, Shanley & Fisher, P.C., Morristown, N.J., for plaintiff Sari Nieminen.

William J. Brennan, III, Brian P. Sullivan, Lillian E. Brown, Smith, Stratton, Wise, Heher & Brennan, Princeton, N.J., for defendant Transtechnology Corp.

## OPINION

HAROLD A. ACKERMAN, District Judge.

### I. *Introduction*

This is a diversity suit in which plaintiff, Sari Nieminen, as administrator of the estate of Seppo Olavi Nieminen, asserts allegations sounding in negligence, breach of warranty, and strict products liability, arising out of an allegedly defective helicopter hoist system. Presently before the Court is a motion by defendant, Breeze Eastern, a division of Transtechnology Corporation, ("Breeze"), objecting to a report by Magistrate Stanley R. Chelser recommending that the defendant's motion to dismiss the Complaint on *forum non conveniens* grounds be denied.

### II. *Procedural History*

The Complaint was filed in this action on September 13, 1989, and it was served upon defendant's registered agent on or about September 25, 1989. Rather than file an Answer to the Complaint, Breeze filed its motion to dismiss the Complaint on *forum non conveniens* grounds on or about December 14, 1989. In support of its motion, Breeze submitted a brief and the affidavit of Brian P. Sullivan, Esq. which was filed on or about December 13, 1989. Defendant asserted before the Magistrate that Finland is the most convenient and appropriate forum for this action, because the plaintiff is a Finnish citizen, the decedent was a Finnish citizen, the accident in question occurred in Finland and involved various Finnish citizens, several witnesses crucial to defendant's defense reside in Finland, and the action is subject to Finnish law.

Plaintiff responded with a brief and the affidavit of Bruce L. Shapiro, Esq., which was filed on or about January 16, 1990. Plaintiff responded that her choice of forum must be afforded deference and is also convenient, because the defendant's plant at which the allegedly defective hoist was manufactured is located just ten miles from the courthouse.[1]

I referred the matter to Magistrate Stanley R. Chesler and oral arguments were presented to him on February 13, 1990. A report and recommendation was filed by the Magistrate on March 15, 1990, in which he recommended that defendant's motion to dismiss be denied.

On or about March 30, 1990, defendant filed Notice of Objections to the Magistrate's Report and Recommendation as well as a supporting brief and certification. Defendant requested oral argument in connection with its objections which request was granted. Plaintiff filed responsive papers on April 16, 1990. Defendant, apparently, waived its opportunity to reply to plaintiff's papers as the parties previously agreed that the matter could be decided on April 25, 1990, even though plaintiff's papers were not filed until April 16th.

### III. *Discussion*

#### A. Standard of Review

No objections have been raised concerning the Magistrate's findings as to the factual background. The basic findings of facts of which I take note are (1) that the

---

[1]. The factual background is set forth in the Magistrate's report and recommendation. The decedent was a sea guard and rescue diver with the Finnish Border Guard. On September 17, 1987, he was being transported to a helicopter via a hoist system manufactured by the defendant when the cable to the hoist system broke, sending the decedent to his death.

plaintiff is a Finnish citizen; (2) that the allegedly defective hoist was manufactured in Union, New Jersey; (3) that the decedent was a Finnish citizen; (4) that the accident in question occurred in Finland and involved a Russian manufactured Mi–8 helicopter fitted with defendant's hoist assembly; (5) that the helicopter and hoist were used by the Finnish Border Guard; and (6) that the Finnish National Board of Aviation issued a report concluding that the accident was caused by a defect in one of the microswitches in the hoist, although the report acknowledged that the hoist had been modified and the microswitches removed and reinstalled by the Finnish Air Force. *See* report and recommendation, at 1–2.

█ Although the Magistrate's conclusions on this dispositive motion are reviewed *de novo, Smith v. BIC Corp.,* 869 F.2d 194 (3rd Cir.1989), the decision to deny or grant a *forum non conveniens* motion is discretionary. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419, 436 (1981), *reh'g denied,* 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982). Therefore, I should review the Magistrate's decision recommending that defendant's motion be denied for an abuse of discretion. More specifically, if the Magistrate "has considered all relevant public and private interest factors, and where the balancing of these factors is reasonable, [his] decision deserves substantial deference." *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43 (3d Cir.1988).

### B. Defendant's Objections

Defendant asserts five objections to the report and recommendation by Magistrate Chesler. Specifically, defendant asserts:

1. Magistrate Chesler improperly concluded that Finland is not an adequate alternative forum for the action. The defendant has consented to the jurisdiction of the Republic of Finland and has agreed to be bound by any judgment rendered against it by a Finnish court of competent jurisdiction.

2. Magistrate Chesler improperly suggested that the remedy available in Finland must be equivalent to that found in New Jersey in order for Finland to be an adequate alternative forum for this action. Finnish law provides a remedy for the causes of action instituted by the plaintiff in this matter.

3. ... Magistrate Chesler improperly gave the foreign plaintiff a substantial degree of deference in her choice of forum.

4. Magistrate Chesler failed to give adequate weight to the unavailability of compulsory process for the attendance of witnesses crucial to the defendant's defense and improperly required the defendant to make a showing that Finnish witnesses will be unavailable for trial.

5. Magistrate Chesler failed to give adequate weight to the public interest factors, in particular the fact that Finnish substantive law will apply in this matter.

*See* Defendant's Notice of Objections, filed March 30, 1990.

█ In deciding a *forum non conveniens* motion, the court must first consider the availability of an alternate forum and the amount of deference to be accorded the plaintiff's choice of forum. *Lacey, supra,* at 45. After deciding these two factors, the court must then weigh the private and public interest factors. *Id.* Each case turns on its own facts and all four factors—availability of an alternate forum, deference to plaintiff, private interest factors, and public interest factors—must be weighed together; central emphasis cannot be placed on any one factor. *Piper, supra,* 454 U.S. at 249–50, 102 S.Ct. at 262–63. "The defendant bears the burden of persuasion as to all the elements of the forum non conveniens analysis." *Lacey, supra,* at 43–44.

### 1. *Alternative Forum*

Defendant's first objection is that Magistrate Chesler improperly concluded that Finland is not an adequate alternative forum, and its second objection is that the Magistrate improperly suggested that the remedy in Finland must be the equivalent of the remedy in New Jersey for that forum to be adequate. Defendant argues

that Finland permits litigation of the subject matter in dispute and that Finnish law recognizes tort liability, including negligence and strict liability. *See* Defendant's Brief at 5. Plaintiff asserts that Finland is not an adequate forum, because it was not until oral argument that defendant conceded it would be subject to the jurisdiction of the Finnish Courts and, therefore, "one has to wonder, given that eleventh hour concession, how vigorously the widow will have to contest every procedural impasse defendant may put in her way if the case proceeded there." *See* Plaintiff's Brief at 18.

The Magistrate, in his report and recommendation, recognized that amenability to process in another jurisdiction ordinarily satisfies the requirement of an available alternative forum. *See* report and recommendation at 5. However, the Magistrate opined that defendant had not sustained its burden of demonstrating that the alternative forum was *adequate. See, e.g., Piper, supra*, 454 U.S. at 254–55, 102 S.Ct. at 265 (holding that a change in law may be given substantial weight if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all). It is clearly defendant's burden to demonstrate that an adequate alternative forum exists. *See Lony v. E.I. duPont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir.1989).

I have reviewed the submissions made to the Magistrate in connection with defendant's motion and I find that the Magistrate's conclusion is reasonable. Although defendant argues in pressing its objections that Finland recognizes tort law, including negligence and strict liability principles, (*see* Defendant's Brief at 5), there is no evidence *in the record* supporting this assertion. In addition, there is no suggestion in the Magistrate's report that the remedy available in Finland must be the equivalent of that found in New Jersey for Finland to be an adequate alternative forum. While it would have been erroneous for the Magistrate to so find, *see Piper, supra*, 454 U.S. at 247, 102 S.Ct. at 261, no such finding is expressed or suggested by the report and recommendation. Rather, the Magistrate

merely found that defendant failed to sustain its burden of proof, and this conclusion is supported by the absence of any evidence in the record on the point.

At any rate, the Magistrate's conclusion concerning the adequacy of Finland as an alternative forum was not dispositive of his decision. The unavailability of an alternative forum, in itself, generally requires that the defendant's motion to dismiss be denied. *See Carlenstolpe v. Merck & Co., Inc.*, 638 F.Supp. 901, 904 (S.D.N.Y.1986) ("[i]f no such alternative forum exists, however, the suit generally should not be dismissed regardless of the private and public inconvenience"), *appeal dismissed*, 819 F.2d 33 (2d Cir.1987). Despite his ruling as to the existence of an adequate alternative forum, the Magistrate nevertheless considered the private and public interest factors. *See* report and recommendation at 5–6. Accordingly, I will not reject the Magistrate's report and recommendation on the basis of defendant's first and second objections.

2. *The Amount of Deference to be Afforded Plaintiff's Choice of Forum*

Defendant's third objection is that the Magistrate improperly gave the foreign plaintiff a substantial degree of deference in her choice of forum. Defendant argues that, since plaintiff is a Finnish citizen, her choice of an American forum should not be afforded much deference. Plaintiff responds that plaintiff's choice is entitled to deference, since her choice of forum is based on convenience to defendant's plant site. Plaintiff further argues that the private and public interest factors do not outweigh the deference to be afforded plaintiff in her choice of forum.

The Magistrate properly recognized that a foreign plaintiff's choice of forum is ordinarily to be accorded less deference than a plaintiff who chooses her home forum. *See* report and recommendation at 2. However, the Magistrate also noted, in reliance upon the Third Circuit's decision in *Lony, supra*, that the issue of how much deference should be afforded a foreign plaintiff in her choice of forum is simply a matter of

convenience. In other words, if *the plaintiff demonstrates* that her choice of a foreign forum is based on convenience, the reluctance to grant full deference to plaintiff's choice may be overcome.[2] *See Lony, supra*, at 634. *See* report and recommendation, at 5–6. In reliance upon this reasoning, the Magistrate concluded that plaintiff's choice of forum should be given substantial (full) deference, because her choice was based on convenience. *Id.* at 5.

I find that the Magistrate's decision in this respect was reasonable. It is clear that the defendant's plant at which the subject hoist system was manufactured is located in Union, New Jersey. Also, while some investigations were conducted in Finland, some of the members of the investigation team traveled to the defendant's facilities in New Jersey and part of the investigation was conducted there. *See* Affidavit of Bruce L. Shapiro, ¶ 9. Therefore, the Magistrate's decision to provide substantial deference to plaintiff's choice of forum was not an abuse of discretion and I will not reject the report and recommendation based upon defendant's third objection.

### 3. *Private Interest Factors*

Defendant's fourth objection, relating to the private interest factors, is that Magistrate Chesler failed to give adequate weight to the unavailability of compulsory process for the attendance of defense witnesses and required the defendant to make a showing that Finnish witnesses will be unavailable for trial. Defendant argues that its hoist system was modified after being transported to Finland, as recognized in the report issued by the Finnish National Board of Aviation. Defendant further asserts that the Finnish citizens who prepared the report are crucial to its defense, because, despite the modifications made by the Finnish, the Board of Aviation concluded that the failure of the system was

caused by a manufacturing defect. In response, plaintiff argues that liability evidence crucial to plaintiff's case against defendant is located in New Jersey.

The private factors to be considered by a court in deciding a *forum non conveniens* motion are

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing witnesses, possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make a trial of a case easy, expeditious, and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946).

In addressing the private interest factors, the Magistrate made the following conclusion:

> I find, however, that these considerations (witnesses located in Finland) are insufficient to overcome the deference accorded plaintiff's choice of forum. Although Finnish witnesses are not within the subpoena power of this Court, there has been no demonstration that they will be unavailable for trial. Nor is there any indication that defendant would be foreclosed from obtaining discovery from Finnish sources. In the absence of such a showing, *this factor cannot be given any weight.*

*See* report and recommendation, at 6 (emphasis supplied).

Therefore, it appears that the Magistrate did not give the defendant's alleged private interest factors any weight, because defendant failed to show that any Finnish witnesses were unwilling to appear in this matter.[3] The certification of defendant's

---

**2.** Thus, where a plaintiff is a foreignor, the burden is on the plaintiff to show that her choice of forum is entitled to substantial deference by demonstrating that her choice was based on convenience.

**3.** The Magistrate may have been relying upon *Lacey, supra*, in support of his apparent ruling that the defendant has the burden to show that

the witnesses it intends to call are unwilling to appear. In *Lacey*, the defendant did not submit *any* affidavits and the plaintiff submitted an affidavit indicating that witnesses located in the foreign jurisdiction were willing to appear voluntarily. 862 F.2d at 41. The court held that the record was inadequate to support the district court's conclusion that the private interest

counsel indicates that it is crucial to defendant's defense that it be permitted to call numerous witnesses located in Finland, including the members of the Investigation Board, the personnel on board the helicopter, the operator of the hoist on the helicopter, the personnel involved in the maintenance and modifications to the hoist, other witnesses to the accident, as well as witnesses with information regarding plaintiff's damages. *See* Certification of Brian P. Sullivan, ¶ 10.

Based upon the Supreme Court's analysis in *Piper*, it appears that the defendant's certification was adequate and that some consideration should have been given to defendant's private interest factors. In particular, in *Piper*, the Court of Appeals had found that the defendant's private interest factors could not be given any weight, because

> the defendants failed to describe with specificity the evidence they would not be able to obtain if the trial were held in the United States. It suggested that defendants seeking forum non conveniens dismissal must submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum.

454 U.S. at 258, 102 S.Ct. at 267.

The Supreme Court responded:

> Such detail is not necessary. Piper and Hartzell have moved for dismissal precisely because many crucial witnesses are located beyond the reach of compulsory process, and thus are difficult to identify or interview. Requiring extensive investigation would defeat the purpose of their motion.

*Id.* at 258, 102 S.Ct. at 267.

The Court went on to opine that the affidavits submitted by the defendants in *Piper* were sufficient for the lower courts to give weight to defendant's private interest factors. The affidavit submitted by Piper in that case simply stated that defendant "would call the following witnesses: the relatives of the decedents; the owners and employees of McDonald Aviation; the persons responsible for the training and licensing of the pilot; the persons responsible for servicing and maintaining the aircraft; and two or three of its own employees involved in the design and manufacture of the aircraft." *Id.* at 259 & n. 27, 102 S.Ct. at 267 & n. 27. These assertions made by the defendant in *Piper* are very similar to those made by the defendant here, and thus, defendant's private interest factors were entitled to some weight.

Nevertheless, I do not find that the failure to give defendant's claims any weight is reversible error. As I indicated above, I have found reasonable the Magistrate's decision to give plaintiff's choice of forum substantial weight. Thus, defendant has a heavy burden of proof to overcome the deference to be afforded plaintiff. However, it appears that the evidentiary problems are at an equipoise. Defendant's certification represents that the primary evidence upon which it will rely to establish its defense that the hoist system was modified after it left its plant is located in Finland. On the other hand, plaintiff asserts that the primary evidence upon which she will rely in support of her claims that the hoist was defectively manufactured is located in New Jersey. Plaintiff's damages evidence is located in Finland. *See* Plaintiff's Brief at 14. A portion of the investigation after the accident was conducted in Finland, and part was conducted in the United States by Finnish officials. *See* Shapiro Aff., ¶ 9. With regard to documentary evidence, it appears that certain of the evidence may be found in either country. In addition, defendant's counsel represents that the United States and Finland are signatories to the Hague convention, (*see* Defendant's Brief at 8–9), and thus, some evidence from each forum should be available in the other. *See Lony, supra,* at 640. Since it appears that the evidentiary problems are at an equipoise, dismissal is not appropriate. *See id.* ("[t]he conclusion

---

factors weighed in favor of defendant. However, although the court made reference to the affidavits submitted by plaintiff, no holding was

expressed that a defendant must demonstrate that its witnesses are unwilling to appear.

that a balance at equipoise or tipped toward the defendant favors dismissal is, however, an error of law").

Defendant's arguments that a dismissal may be conditioned upon defendant's agreement to provide discovery in Finland does not materially alter this analysis. *See, e.g., Harrison v. Wyeth Laboratories, Etc.,* 510 F.Supp. 1, 5 (E.D.Pa.1980), *aff'd,* 676 F.2d 685 (3d Cir.1982) (dismissing action but conditioning dismissal upon defendant's agreement to make available, at its own expense, any documents or witnesses in its control and to agree to pay any judgment rendered in the foreign jurisdiction). Similar arguments were made by the defendant, duPont, in *Lony, supra. See, e.g.,* 886 F.2d at 637. Nonetheless, in *Lony,* the Third Circuit opined that the balance of convenience weighed in favor of plaintiff, because documents and evidence outside of the control of defendant would not be available to the plaintiff in the foreign forum. *Id.* at 640.

Likewise, here, any evidence that is outside of the control of Breeze would not be available to the plaintiff if the case were to proceed in Finland. Also, this argument cuts both ways. Since the plaintiff chose this American forum, she can be required to produce, at her expense, any evidence in her control that is located in Finland through the course of this litigation. Accordingly, for the foregoing reasons, I will not reject the recommendation made by Magistrate Chesler not to dismiss this action based on defendant's fourth objection to the report and recommendation.

### 4. *Public Interest Factors*

Defendant's fifth objection is that Magistrate Chesler failed to give adequate weight to the public interest factors, and in particular, to the fact that Finnish substantive law will apply in this matter. Plaintiff does not argue that New Jersey law applies, but responds that New Jersey has a sufficient interest in this case to warrant a trial in this forum.

In deciding the issue of the applicable law, I must look to the choice of law rules in New Jersey. *See Klaxon Co. v. Stentor Electric Mfgr. Co.,* 313 U.S. 487, 61 S.Ct.

1020, 85 L.Ed. 1477 (1941). It appears that the New Jersey courts would hold that Finnish law applies. New Jersey Courts follow the flexible, "governmental interest" approach in determining the choice of law that applies. *See Barco Auto Leasing Corp. v. Holt,* 228 N.J.Super. 77, 82, 548 A.2d 1161 (App.Div.1988). Under this approach, the court must look to the quality of the contacts between the parties and the forums to determine which forum has the stronger governmental interest in the dispute. *See id.* at 82–83, 548 A.2d 1161. The only contact that New Jersey has to this dispute is that the allegedly defective product was manufactured here.

In *Heavner v. Uniroyal Inc.,* 63 N.J. 130, 305 A.2d 412 (1973), plaintiffs were residents of North Carolina and the defendant was a New Jersey corporation. *Id.* at 133–34, 305 A.2d 412. Plaintiffs claimed that the defendant had manufactured a defective tire in New Jersey, which "blew out" while plaintiffs were driving in North Carolina. *Id.* at 132–33, 305 A.2d 412. The New Jersey Supreme Court held that New Jersey had no substantial interest in the matter and that the substantive law of North Carolina should apply. *Id.* at 141, 305 A.2d 412. More recently, in *Deemer v. Silk City Textile Mach. Co.,* 193 N.J.Super. 643, 475 A.2d 648 (App.Div.1984), the Appellate Division held that the law of the foreign forum applies where, as here, the only connection that the parties have to New Jersey is that an allegedly defective product was manufactured in New Jersey. The situation in *Deemer* was essentially identical to that present here. *Deemer* was a products liability action in which the plaintiff was a foreigner and the accident occurred in the foreign jurisdiction, although the product was manufactured in New Jersey. Therefore, it appears that Finnish substantive law should apply in this case.

The Magistrate's conclusion as to the weight to be given the public interest factor that foreign law would apply was stated as follows:

Assuming, for the purposes of this motion, that Finnish law will govern the

proceedings, this factor, in and of itself, is insufficient to warrant dismissal. While it is true that it is generally preferable for a case to proceed in a forum which is familiar with the applicable law, I have little doubt that this problem can easily be surmounted given the extremely competent counsel involved in the case. In short, neither of these factors, [private and public interest factors], is sufficient to overcome the presumption in favor of the plaintiff's choice of forum which is based on convenience.

*See* report and recommendation, at 6–7.

Therefore, the Magistrate considered the factor that Finnish law would apply, but decided that, in balancing this factor against the deference to be given to plaintiff's choice of forum, the overall balance did not weigh in favor of dismissal.

■ I find that, based on the record that was placed before the Magistrate, his decision was reasonable and not an abuse of discretion. Overall, the Magistrate found that the defendant did not demonstrate that an adequate alternative forum exists, and substantial deference was given to the plaintiff's choice of forum because her choice was based upon convenience to defendant's manufacturing site. The private interest factors are basically in equipoise, as some evidence is located in Finland and some evidence is located in the United States. While the applicability of foreign law does weigh in favor of dismissal, *See Piper, supra,* 454 U.S. at 260 & n. 29, 102 S.Ct. at 268 & n. 29, this is essentially the only factor in the analysis that was weighed in favor of defendant. It was not an abuse of discretion for the Magistrate to find that this factor, in itself, was insufficient to overcome the deference to be afforded plaintiff's choice of forum. Accordingly, I accept the recommendation of Magistrate Chesler and I deny the defendant's motion to dismiss this action at this time.