**Amram MILLER and his wife Jacqueline Miller, Plaintiffs,**

v.

**BOSTON SCIENTIFIC CORPORATION, a Massachusetts corporation, Wall Stent and John Does 1–1000, Defendants.**

Civil Action No. 04–516 (HAA).

United States District Court, D. New Jersey.

Aug. 2, 2005.

Mark M. Kaye, Short Hills, NJ, for Plaintiffs.

David J. Cooner, McCarter & English, LLP, Newark, NJ, for Defendants.

### OPINION AND ORDER

ACKERMAN, Senior District Judge.

This matter comes before the Court on a motion to dismiss on *forum non conveniens* grounds filed by Defendant Boston Scientific Corporation ("Boston Scientific" or "Defendant"). For the reasons outlined below, Defendant's motion is GRANTED subject to the conditions discussed in this Opinion and Order.

### Background

Plaintiffs Amram Miller and his wife Jacqueline Miller are Israeli citizens and residents who filed a products liability claim against Boston Scientific, a Delaware corporation with its principal place of business in Massachusetts. On or about January 28, 2002, Plaintiff Amram Miller underwent emergency surgery at Hadassah University Hospital in Jerusalem to repair a blocked colon. (Compl. ¶ 4; Certif. of Edward R. Schreiber, Ex. A at 1.) While performing the surgery, medical staff at Hadassah Hospital employed a "wall stent," which is a prescription medical device "used to prop open an obstructed or narrowed pathway." (Pls.' Br. at 1 n. 1.) Plaintiffs allege that the wall stent perforated Amram Miller's colon. (Compl.¶¶ 4–5.)

On February 6, 2004, Plaintiffs filed suit in this Court. In their Complaint, Plaintiffs advanced the following claims: strict products liability (failure to warn); strict products liability (manufacturing and/or design defect); negligence; negligent manufacture; negligence per se; negligent misrepresentation; breach of implied warranty; breach of express warranty; unjust enrichment; loss of consortium on behalf

of Jacqueline Miller; wanton disregard; and violation of state statutes. On March 30, 2004, Defendant filed, in lieu of an answer, a motion to dismiss on *forum non conveniens* grounds. Plaintiffs have opposed Defendant's motion to dismiss, and, in the alternative, have requested that the Court either transfer venue under 28 U.S.C. § 1404(a) to the District of Massachusetts or stay its ruling and grant Plaintiffs leave to file a motion to transfer. On March 8, 2005, counsel for Defendant notified the Court that Plaintiffs had filed suit against Boston Scientific in Israel in order to protect their claim against the statute of limitations. (Letter from David J. Cooner to Court, Mar. 10, 2005.)

## Analysis

### I. General Principles of Forum Non Conveniens

■■■ Defendant moves for dismissal of Plaintiffs' diversity action on the grounds that Israel offers a more appropriate forum in which to litigate Plaintiffs' products liability claim. Generally, it is not the role of the court to deny a plaintiff his choice of forum where the plaintiff has filed his claim in conformity with statutory and constitutional jurisdictional requirements. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The doctrine of *forum non conveniens* "must be sparingly applied, inasmuch as its application results in the dismissal of a case over which the Court has jurisdiction and would ordinarily have a duty to resolve." *Am. Cyanamid Co. v. Picaso–Anstalt*, 741 F.Supp. 1150, 1155 (D.N.J.1990) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

■■■ The decision of a foreign plaintiff to file suit in a federal court is entitled to some deference, even if some of the events giving rise to the claim occurred outside the territorial boundaries of the United States. Therefore, a foreign plaintiff's de-

cision to pursue such a claim in federal court does not give rise to a presumption in favor of a defendant seeking dismissal on the basis that litigation of the claim would be more appropriate in a foreign court. *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 45–46 (3d Cir.1988) (*Lacey I* ). Dismissal on the grounds of *forum non conveniens* is warranted only "when trial in the chosen forum would 'establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.' " *Piper*, 454 U.S. at 241, 102 S.Ct. 252 (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). Whether the burden of litigating a plaintiff's claim in the United States is sufficiently heavy to warrant dismissal depends upon a balancing of " 'private interest factors' affecting the convenience of the litigants, and ... 'public interest factors' affecting the convenience of the forum." *Piper*, 454 U.S. at 241, 102 S.Ct. 252 (citing *Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. 839 (1947)).

### II. Adequate Alternative Forum

#### A. Adequacy of Forum

■■■ Dismissal on the grounds of *forum non conveniens* presupposes the existence of an adequate alternative forum in which the plaintiff may pursue his claim. *Piper*, 454 U.S. at 255 n. 22, 102 S.Ct. 252. The court's role in determining the adequacy of the proposed alternative forum is a very limited one; usually, the defendant's amenability to process in the foreign jurisdiction and the existence of a satisfactory remedy there are sufficient to establish the jurisdiction's adequacy. *Id.* (citing *Gilbert*, 330 U.S. at 506–07, 67 S.Ct. 839). The burden falls on the defendant to pro-

vide evidence that he would be amenable to process in the foreign jurisdiction, and that the foreign jurisdiction would provide plaintiff with an adequate opportunity to obtain redress. *Burke v. Quartey*, 969 F.Supp. 921, 930 (D.N.J.1997) (citing *Derensis v. Coopers & Lybrand Chartered Accountants*, 930 F.Supp. 1003, 1006–07 (D.N.J.1996)). These threshold questions must be resolved before reaching other stages of the *forum non conveniens* analysis.

This Court must first determine whether Defendant is amenable to process in the proposed alternative forum. Defendant states in its brief that it "has a presence in Israel [and] is subject to the jurisdiction of the Israeli courts" (Def.'s Br. at 11), and Plaintiffs do not take issue with this assertion. In order to fulfill its requirement of demonstrating the existence of an adequate alternative forum, Defendant does not have to provide the court with indisputable proof of its amenability to process in Israel. However, if the court is unconvinced on this matter, then it may choose, in its discretion, to safeguard Plaintiffs' right to file suit against Defendant by conditioning dismissal on Defendant's actual consent to process in the foreign jurisdiction. *See, e.g., Dahl v. United Techs. Corp.*, 632 F.2d 1027, 1029 (3d Cir.1980) (upholding district court's dismissal on *forum non conveniens* grounds on condition that defendant consent to jurisdiction in Norway); *Dawson v. Compagnie Des Bauxites De Guinee*, 593 F.Supp. 20, 23–24 (D.Del.1984); *Abiaad v. Gen. Motors Corp.*, 538 F.Supp. 537, 545 (E.D.Pa.1982); *Harrison v. Wyeth Labs.*, 510 F.Supp. 1, 9 (E.D.Pa.1980).

■ Next, this Court must ask whether Israel offers an adequate remedy. In determining whether the proposed alternative forum offers an adequate remedy, this Court need not undertake an in-depth analysis of the remedies available to the Plaintiff in the foreign jurisdiction compared with the remedies available in this forum. A remedy is not inadequate merely because it is less favorable to the plaintiff than the remedy available in his chosen forum. *Piper*, 454 U.S. at 250, 102 S.Ct. 252. In *Piper*, the Supreme Court rejected plaintiff's argument that the foreign remedy in a products liability case was inadequate because the foreign jurisdiction did not impose strict liability. *Id.* The Court held that in order for plaintiff's argument to succeed, the foreign remedy must be "so clearly inadequate or unsatisfactory that it is no remedy at all." *Id.* at 254, 102 S.Ct. 252.

Defendant here states, and Plaintiffs do not dispute, that "Israeli law recognizes causes of action for personal injury claims." (Def.'s Br. at 12.) Plaintiffs appear to agree that if this case were dismissed, they would have a cause of action in Israel; the essence of Plaintiffs' argument is that they would not have as likely a chance of succeeding if this case were to proceed in Israel because Israeli tort law differs substantively from American tort law. (Pls.' Br. at 21.) However, Plaintiffs do not allege that they would be wholly deprived of a remedy if they pursue their claims in an Israeli court. Therefore, this Court concludes that Plaintiffs have an adequate remedy in Israel.

### B. Necessity of Record Evidence

Plaintiffs claim that Defendant's motion to dismiss should be denied because Defendant has not proven the existence of an adequate alternative forum through record evidence. Plaintiffs allege that the record in this case does not lend support to Defendant's assurances that Plaintiffs would be able to pursue their claim against Defendant in an Israeli court. For example, Boston Scientific states in its brief that it "has a presence in Israel [and] is subject

to the jurisdiction of the Israeli courts," but fails to provide further assurance (e.g., in the form of an affidavit) that such is the case. (*See* Def.'s Br. at 11.) Furthermore, Defendant cites only a law review article and a few newspaper articles as support for the notion that a plaintiff can even bring a products liability suit against a manufacturer in an Israeli court. (Def.'s Br. at 12.) Although Defendant has informed the Court that Plaintiffs have already filed an action in an Israeli court to preserve the statute of limitations, Defendant has failed to provide record evidence that such a filing actually took place. Moreover, Defendant cannot predict that Plaintiffs' Israeli action would not be summarily dismissed for lack of jurisdiction or some other legal prerequisite.

■ Plaintiffs cite *Nieminen v. Breeze–Eastern*, 736 F.Supp. 580, 583 (D.N.J.1990), in support of their contention that Defendant has the burden to provide record evidence indicating to the Court that an adequate alternative forum exists. However, this Court did not imply in *Nieminen* that a *forum non conveniens* motion would necessarily fail in the absence of such evidence. *See id.* at 582–83. In *Nieminen*, this Court reviewed the defendant's motion to dismiss on *forum non conveniens* grounds in light of the magistrate judge's report and recommendation advising against dismissal on *forum non conveniens* grounds. Accordingly, this Court applied an abuse of discretion standard in reviewing the magistrate judge's recommendation to deny dismissal. *Id.* at 582. The magistrate judge based his recommendation in large part on the defendant's failure to demonstrate the existence of an adequate alternative forum. *Id.* at 582–83, 587. Because this Court was merely reviewing the magistrate judge's report and recommendation on an abuse of discretion basis, and was not deciding the motion to dismiss in the first instance, the absence of record evidence on the adequa-

cy of the remedy in the foreign forum was significant as a rationale establishing the reasonableness of the magistrate judge's recommendation. *Id.* at 582–83. Thus, *Nieminen* does not foreclose dismissal on *forum non conveniens* grounds where the evidentiary record regarding the availability of an adequate alternative forum is sparse or nonexistent. As previously noted, the court's role in ascertaining the adequacy of the proposed alternative forum is a limited one, and is generally satisfied by a finding of the defendant's amenability to process and the availability of some remedy in the foreign jurisdiction.

It is not so crucial that a party seeking dismissal provide record evidence that he is amenable to process in the foreign forum, because a court can always condition dismissal on the movant's consent to jurisdiction. Defendant's representation of its apparent intention to submit to process in Israel, coupled with the Court's discretion to condition dismissal on Defendant's actual consent to process in the foreign forum, provide the Court with enough assurance that Plaintiffs' right to prosecute its claims against Defendant would not be compromised by a finding of a lack of personal jurisdiction over Defendant in Israel.

■ Where there is a legitimate dispute concerning the adequacy of the foreign remedy, a defendant seeking a *forum non conveniens* dismissal must generally provide record evidence indicating that the plaintiff could obtain proper redress in the alternative forum. *See Burke*, 969 F.Supp. at 930 (denying motion to dismiss where defendant failed to demonstrate through record evidence that foreign forum would provide plaintiff with an adequate remedy). The existence of an adequate remedy in the foreign forum is crucial, because an American court cannot condition dismissal on the consent of the foreign court to provide plaintiff with an opportunity to

·obtain such redress. However, because this Court finds that there is no dispute among the parties that Israeli law provides an "adequate" remedy within the meaning of *Piper*, Defendant is under no obligation to provide such record evidence. This Court is not concerned about the lack of record evidence supporting the adequacy of the Israeli remedy because both sides apparently agree that Israeli law would provide Plaintiffs with some opportunity to obtain redress if they succeed on the merits of their claim in an Israeli court.

### III. Deference to Plaintiffs' Choice of Forum

■■■ This Court next considers the amount of deference it should give Plaintiffs' choice of forum. "Provided that an adequate alternative forum is available, the district court must address an additional threshold issue when the case is brought by a foreigner—namely, the amount of weight that should be accorded to the plaintiff's decision to sue in the United States." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1226 (3d Cir.1995). The forum choice of a plaintiff suing in his home state is entitled to a high degree of deference, while the choice of a foreign plaintiff to sue in the United States is entitled to less deference. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir.2001) (citing *Piper*, 454 U.S. at 256, 102 S.Ct. 252; *Koster*, 330 U.S. at 524, 67 S.Ct. 828). "Stated differently, the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*." *Iragorri*, 274 F.3d at 72; *see also Burke*, 969 F.Supp. at 928 (recognizing presumption of convenience where plaintiff resided in Maryland); *Gear v. Constantinescu*, 741 F.Supp. 525, 527

(D.N.J.1990) (same presumption applied where plaintiff resided in New Jersey).

■■■ A foreign plaintiff's decision to sue in the United States is presumptively made for reasons other than convenience, but the plaintiff may overcome this presumption by making a strong showing of convenience. *Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, 327 (D.N.J. 1995) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989)); *see also Nieminen*, 736 F.Supp. at 584 (stating that foreign plaintiff has the burden of showing his forum choice was based on convenience). Relevant convenience factors include "the convenience of the plaintiff's residence in relation to the chosen forum, [and] the availability of witnesses or evidence to the forum district." *Iragorri*, 274 F.3d at 72.

■■■ In this case, there is scant evidence demonstrating Plaintiffs' connection to the state of New Jersey, and, for that matter, to the United States. Defendant notes that Plaintiffs are currently Israeli residents and are unwilling to travel to New Jersey for their depositions. (Aff. David J. Cooner ("Cooner Aff.") ¶¶ 3, 5–6.) The main convenience factor tying Plaintiffs to this District appears to be the presence of Plaintiffs' counsel in New Jersey, but this factor does not weigh in favor of retaining jurisdiction. *Cf. Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043 (3d Cir.1973) (holding that convenience of counsel is not a relevant factor in the context of a motion to transfer venue). Plaintiffs have suggested that since New Jersey is in close proximity to Defendant's principal place of business (Massachusetts) and state of incorporation (Delaware), such proximity may facilitate discovery, but this factor alone does not establish that Plaintiffs have met their burden of making a strong showing of convenience. *See Nat'l Prop. Investors VIII*, 917 F.Supp. at 327

(nothing that existence of defendant's principal place of business within district not sufficiently strong convenience factor); *cf. Lony,* 886 F.2d at 634 (holding that district court abused its discretion by denying adequate deference to plaintiff's choice of forum where plaintiff "[took] pains" to show that evidence needed to establish liability, causation, and injury was located in plaintiff's chosen forum); *Nieminen,* 736 F.Supp. at 584 (denying motion to dismiss where defective product in plaintiff's products liability suit was manufactured in New Jersey and part of the investigation into the underlying accident took place in New Jersey). However, because some evidence crucial to Plaintiffs' claim is likely to be found in the northeastern United States, this Court concludes that Plaintiffs' choice of forum should be accorded a small amount of deference, although not nearly the level of deference owed to a domestic plaintiff defending against a *forum non conveniens* motion.

## IV. Balancing of Private and Public Interest Factors

 After determining the proper level of deference to give to Plaintiffs' choice of forum, this Court must then consider and balance the parties' private interests and the public interests that would be implicated by allowing the case to proceed in the chosen forum. *Lacey I,* 862 F.2d at 43. The private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839. Another relevant private interest factor is a defendant's ability to implead potential third-party defendants. *Piper,* 454 U.S. at 259, 102 S.Ct. 252.

"The public interest factors relevant to the *forum non conveniens* inquiry include the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Lacey I,* 862 F.2d at 48 (quoting *Piper,* 454 U.S. at 241 n. 6, 102 S.Ct. 252).

### A. Private Factors

### 1. Access to Sources of Proof and Availability of Witnesses

 "In examining the relative ease of access to sources of proof, and the availability of witnesses, the district court must scrutinize the 'substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action.'" *Lacey I,* 862 F.2d at 46 (3d Cir.1988) (quoting *Van Cauwenberghe v. Biard,* 486 U.S. 517, 528, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988)). It may clearly be in the interest of a foreign plaintiff harmed by an allegedly defective product in a foreign country to file a products liability action in the United States because evidence relating to the design and manufacture of the product exists in the United States. However, "evidence of defendant['s] negligence constitutes only one element of the case plaintiffs must present to sustain their burden of proof. Plaintiffs will also need to establish proof of causation, product identification, injury, and damages," and evidence relating to those elements might not be easily accessible by the party seeking dismissal. *Doe v. Hy-*

*land Therapeutics Div.*, 807 F.Supp. 1117, 1125 (S.D.N.Y.1992).

Where evidence relating to causation, injury, and damages is located exclusively within a foreign jurisdiction, the defendant has a much greater interest in obtaining a *forum non conveniens* dismissal. *See Aguinda v. Texaco, Inc.*, 303 F.3d 470, 479 (2d Cir.2002) (upholding dismissal where plaintiffs resided and sustained their injuries in foreign forum, and where relevant medical and property records were located there); *De Melo v. Lederle Labs.*, 801 F.2d 1058, 1062–63 (8th Cir.1986) (upholding dismissal where essential evidence concerning plaintiff's medical history was located in foreign forum); *Doe*, 807 F.Supp. at 1125 (granting *forum non conveniens* dismissal where proof needed to establish causation, product identification, harm, and damages was more accessible in foreign jurisdiction); *Ledingham v. Parke–Davis*, 628 F.Supp. 1447, 1450 (E.D.N.Y.1986) (granting *forum non conveniens* motion where "the vast majority of evidence relating to the causation and damages elements of plaintiff's claims" was located outside U.S.).

Plaintiffs suggest that availability of evidence is at equipoise; that is, evidence equally important to Plaintiffs' claim can be found in both the United States and Israel. But it is clear that a significant amount of crucial evidence relating to the relevant issues of causation, injury, and damages is located in Israel, including "records relating to plaintiff Amram Miller's medical history and subsequent condition, the product and records relating to product identification, and plaintiff's treating physicians and hospitals." (Def.'s Reply Br. at 9.) *Cf. Carlenstolpe v. Merck & Co.*, 638 F.Supp. 901, 906 (S.D.N.Y.1986) (rejecting motion to dismiss for *forum non conveniens* where the main causation witnesses, i.e., those "who personally participated in the underlying events leading to

[the] litigation," were located in United States). By contrast, the only evidence purportedly located in the United States relates to the design and manufacture of the wall stent, and the relevance of this evidence is unknown at this stage because it is as yet unclear whether Defendant actually manufactured the device implanted in Mr. Miller in Israel.

Moreover, evidence and witnesses located in Israel may be outside the subpoena power of this Court, which has given rise to Defendant's justifiable concern that it may not have easy access to key documents relating to Mr. Miller's medical condition and may not be able to elicit the testimony of witnesses familiar with the circumstances surrounding Plaintiffs' injuries. Although Defendant has not mentioned any specific problems it has encountered thus far in contacting or obtaining information from foreign witnesses, such an omission is understandable because this litigation is at an early stage and Defendant has yet to even depose Plaintiffs. It would be premature for this Court to require Defendant to establish through affidavits that its potential foreign witnesses are either unwilling or unable to appear here, and thus it is not Defendant's burden to do so. *See Piper*, 454 U.S. at 258, 102 S.Ct. 252 (holding that it is sufficient for defendant seeking dismissal to indicate evidentiary problems he would face if litigation were to proceed in American forum and that it is not necessary for defendant to undertake extensive investigation into underlying facts of the case prior to concluding that litigation in America would be burdensome).

Litigating a products liability case where all of the evidence relating to the use of the product is located on another continent poses inherent difficulties. For example, Defendant notes that despite repeated requests, it has been unable to obtain verifia-

ble product identification information relating to the wall stent, and this failure has prevented Defendant from fully evaluating the veracity of Plaintiffs' allegation that Boston Scientific, in fact, manufactured the device. (Cooner Aff. ¶¶ 7–9.) It is this sort of difficulty that supports Defendant's argument that it would be better able to protect its own interests if this case were litigated in Israel.

Even if Israeli witnesses were willing to cooperate with Defendant during discovery, it is unlikely that Defendant could secure the attendance of these witnesses at trial without incurring significant cost. In all likelihood, Defendant would have to rely on the deposition testimony of foreign witnesses. "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil*, 330 U.S. at 511, 67 S.Ct. 839. Furthermore, the necessity of obtaining evidence in Israel raises the possibility that Defendant would have to undertake the burden and expense of translating such evidence into English, which is another factor favoring dismissal. *See Lony*, 886 F.2d at 639; *Mediterranean Golf, Inc. v. Hirsh*, 783 F.Supp. 835, 848 (D.N.J.1991).

 Dismissal would not impede Plaintiffs' access to sources of proof located in the United States. Defendant has stated Plaintiffs would have access to Defendant's records and other sources of proof located in its possession. (Def.'s Br. at 14.) Moreover, this Court has discretion to condition dismissal on Defendant's agreement to make available in the alternative forum all evidence necessary for the just adjudication of this matter. *See, e.g., Piper*, 454 U.S. at 258 n. 25, 102 S.Ct. 252; *Dawson*, 593 F.Supp. at 28 n. 51; *Harrison*, 510 F.Supp. at 6. Accordingly, this Court is reasonably certain that Plaintiffs would have access to essential sources of proof in an Israeli forum.[1] *See Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 189 (3d Cir. 1991) (*Lacey II*) (stating that District Court must "reasonably assure itself" prior to dismissal that plaintiff would have access to essential sources of proof in foreign jurisdiction).

### 2. Ability to Implead Third–Party Defendants

The impracticality of impleading third parties is another factor favoring dismissal. *Piper*, 454 U.S. at 259, 102 S.Ct. 252; *Ledingham*, 628 F.Supp. at 1451. Defendant has raised the possibility of pursuing indemnification claims against Israeli third parties, such as "medical professionals who prescribed and implanted the subject device" in Mr. Miller's colon. (Def.'s Reply Br. at 8.) If litigation of Plaintiffs' claim proceeds in federal court, Defendant would be unable to consolidate all its claims into the same action, and would have to file separate claims against Israeli defendants in an Israeli court. "Such a scenario not only represents a waste of judicial resources, but also creates a risk of inconsis-

---

1. Plaintiffs contend that dismissal would significantly affect its chances of succeeding on their claim that Defendant fraudulently obtained United States Food and Drug Administration ("FDA") approval of the colonic stent, because Plaintiffs would encounter substantial difficulties in obtaining the testimony of FDA officials in Israel. Assuming that an Israeli court would even recognize a cause of action based on this claim—as noted, dismissal is not predicated on Plaintiffs' ability to pursue the same causes of action in the foreign court—Plaintiffs would not have to worry about encountering any such inconvenience because federal law generally prohibits FDA officials from providing testimony in medical products liability cases relating to matters handled in their official capacity. *See* 21 C.F.R. § 20.1 (2005); *see also Moran v. Pfizer, Inc.*, 2000 WL 1099884, at *1 (S.D.N.Y. Aug.4, 2000).

tent judgments." *Allstate Life Ins. Co. v. Linter Group Ltd.,* 994 F.2d 996, 1002 (2d Cir.1993).

Based on this analysis, the private interests clearly favor Defendant. Litigation of this matter would "establish such oppressiveness and vexation to [the] defendant as to be out of all proportion to plaintiff's convenience." *Koster,* 330 U.S. at 524, 67 S.Ct. 828.

### B. Public Interest Factors

### 1. Interest in Having Localized Controversies Decided at Home

 In assessing the public interest factors, this Court must first evaluate whether retention of jurisdiction would serve either forum's "interest in having localized controversies decided at home." *Lacey I,* 862 F.2d at 48. Evaluation of this factor requires the court to "consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Id.* (quoting *Van Cauwenberghe,* 486 U.S. at 528, 108 S.Ct. 1945). However, it is difficult to pinpoint the locus of the alleged misconduct where, as here, the parties disagree as to the nature of the culpable conduct at issue. Plaintiffs, who allege that Defendant manufactured a defective product in the United States, will undoubtedly need access to evidence and witnesses located here in order to support their claim; while Defendant, which argues that its product did not cause harm to Mr. Miller, will need access to evidence and witnesses located in Israel in order to support its defense and any third-party claims it intends to bring. The record is not nearly complete enough for the Court to critique the substance of the two sides' theories of liability, nor is it this Court's responsibility to do so at this stage. As the Third Circuit stated in *Lacey II:*

> The district court ... cannot now determine what the ultimate focus of the trial

will be, yet the parties urge the court to do just that. We think, instead, that in resolving a *forum non conveniens* motion, the district court must do no more than delineate the likely contours of the case by ascertaining, among other things, the nature of the plaintiff's action, the existence of any potential defenses, and the essential sources of proof.

*Lacey II,* 932 F.2d at 181.

At this stage, it would be inappropriate for the court to predict that this case primarily concerns the design or manufacture of a defective product, because it is possible that further evidence will reveal the theories underlying Boston Scientific's defenses to be more meritorious than Plaintiffs' allegations. *See id.* at 182 (arguing that in such an instance, the court should assume that both sides' contentions are meritorious and will become issues at trial). It would therefore be premature for this Court to conclude that this case represents a localized product design controversy that has a significant connection to Plaintiffs' chosen forum and does not have at least as strong a connection to the proposed alternative forum.

 In this case, the nature of Defendant's contacts with New Jersey is not a factor favoring dismissal. A defendant's contacts with the forum state "are relevant to the *forum non conveniens* inquiry only insofar as they relate to the ease and fairness of trying a case in particular jurisdiction." *Manu Int'l, S.A. v. Avon Prods., Inc.,* 641 F.2d 62, 65 (2d Cir.1981). Although Boston Scientific does not manufacture *colonic* stents in New Jersey (Aff. Lawrence J. Knopf ("Knopf Aff.") ¶¶ 3–4), it has conducted clinical trials of its *cardiac* stents in Camden, New Jersey, and a subsidiary of Boston Scientific manufactures medical devices in Wayne, New Jersey (Knopf Aff. ¶ 2.) Even though Boston Scientific's connections to Delaware (its

state of incorporation) and Massachusetts (the location of its principal place of business) are apparently stronger than its connections to New Jersey, this Court finds that Boston Scientific clearly has a presence in New Jersey and would not suffer significantly greater inconvenience litigating this case in New Jersey rather than in Delaware or Massachusetts.

However, the issue arises whether jurisdiction over this case would truly serve the interests of the citizens of New Jersey and would justify the incidental burdens that jurisdiction would place on this Court and potential jurors. The tangential relationship between the subject matter of this case and Defendant's activities within the state of New Jersey does not completely undercut Plaintiffs' argument that New Jersey and its citizens have an interest in hearing this case. While citizens of New Jersey undoubtedly have an interest in ensuring that American manufacturers do not produce defective products, the Supreme Court has held that the public interest is weak where "the incremental deterrence that would be gained if this trial were held in an American court is likely to be insignificant." *Piper*, 454 U.S. at 260–61, 102 S.Ct. 252. As in *Piper*, it would be fair to conclude that there is no compelling public interest at stake that would be undermined by having this case handled by an Israeli court. *See CSR Ltd. v. Fed. Ins. Co.*, 146 F.Supp.2d 556, 570 (D.N.J.2001) (citing *NL Indus., Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 322–23 (3d Cir. 1995) (state's interest in resolving product liability claims where injury occurs out-of-state not as strong as state's interest when harms come to rest within state)).

Israel undoubtedly has a strong interest in ensuring that Israeli hospitals provide quality medical care. Furthermore, it is probable that an Israeli court will be better able to ascertain Defendant's culpability in this matter than an American court

because a great deal of relevant evidence appears to be located in Israel. If litigation proceeds here and Defendant encounters difficulties obtaining evidence located in Israel or gaining access to Israeli witnesses, then it is less likely that a fact finder would be able to make a reliable determination whether the product manufactured by Defendant was actually defective and actually caused harm.

### 2. Choice of Law

■ Although it is not necessary for the Court to rule conclusively on the issue of whether New Jersey or Israeli substantive law applies to this case, "the district court should nevertheless consider the impact of choice-of-law problems on the forum, particularly since the need to apply foreign law points toward dismissal." *Lacey I*, 862 F.2d at 48. However, the necessity of applying foreign law is not sufficient to dismiss a case on *forum non conveniens* grounds. *Piper*, 454 U.S. at 260 n. 29, 102 S.Ct. 252; *Hoffman v. Goberman*, 420 F.2d 423, 427 (3d Cir.1970); *see also CSR Ltd.*, 146 F.Supp.2d at 571 (mere fact that court must determine and apply foreign law does not justify dismissal of case otherwise properly before court).

■ New Jersey choice-of-law principles state that the applicable law is that of the jurisdiction "with the greatest interest in resolving the particular issue that is raised in the underlying litigation." *Gantes v. Kason Corp.*, 145 N.J. 478, 484, 679 A.2d 106 (N.J.1996). However, if there is no conflict between the applicable state and foreign law, the law of the forum state applies. *See Schreiber v. Camm*, 848 F.Supp. 1170, 1174 (D.N.J.1994). In this case, both parties have provided insufficient information regarding the contours of Israeli products liability law and the degree to which it resembles New Jersey tort law. While Defendant merely cites a law review article stating that Israeli law

imposes strict liability for defective products (Def.'s Br. at 12), Plaintiffs dispute this claim with a bare assertion that Israeli tort law excludes many "elements of what we would consider basic tort law," and intimate that New Jersey law is more favorable with regard to the causes of action stated in Plaintiffs' Complaint (Pls.' Opp'n Br. at 21). Because there is insufficient information before the Court concerning the substance of Israeli products liability law, it would be inappropriate to for the Court to surmise whether there is a strong likelihood that foreign law would apply. *See CSR Ltd.*, 146 F.Supp.2d at 571.

■ The uncertainty regarding the application of Israeli law is itself a factor that weighs in favor of dismissal. If this Court retains jurisdiction it will be burdened by the necessity of undertaking a searching and possibly time-consuming choice-of-law analysis to determine the propriety of applying Israeli law. "The doctrine of *forum non conveniens* is designed in part to help courts avoid conducting complex exercises in comparative law.... [T]he public interest factors point towards dismissal where the court would be required to 'untangle problems in conflict of laws, and in law foreign to itself.' " *Piper*, 454 U.S. at 251, 102 S.Ct. 252 (quoting *Gilbert*, 330 U.S. at 509, 67 S.Ct. 839). Nevertheless, considering Defendant bears the heavy burden of demonstrating that dismissal is warranted, it would appear unfair for the Court to grant considerable weight to this factor in light of Defendant's incomplete attempt to establish the applicability of international law. However, assuming *arguendo* that New Jersey law applies and this Court would be relieved of the burden of interpreting and applying foreign law, the respite afforded to the Court would not be

sufficient to overcome Defendant's strong interest in litigating this case in an Israeli forum.

Thus, while the choice-of-law factor potentially weighs in favor of Plaintiffs, there are other public and private factors that militate in favor of dismissal. It would give undue weight to this choice-of-law factor if the Court were to retain jurisdiction merely on the basis of the potential applicability of New Jersey law, where no other public interest factors clearly favor Plaintiffs and where the Court has already made clear that fairness dictates that the parties litigate the entire case in an Israeli forum.

### C. Balancing of Factors

The Court finds that the public and private factors weigh in favor of Defendant. While the public interest factors are, at most, at equipoise, the private interest factors clearly weigh in favor of Defendant. Retention of jurisdiction would constitute "oppression and vexation to the defendant out of all proportion with the plaintiff's convenience." *Piper*, 454 U.S. at 241, 102 S.Ct. 252. The balance of interests favors Defendant to such an extent that it overcomes this Court's deference to Plaintiffs choice of forum.[2] The Court reiterates that Plaintiffs are Israeli residents with no apparent connection to the state of New Jersey, other than the fact that Plaintiffs' counsel resides here, and that Plaintiffs' choice of forum is entitled to only a small amount of deference.

### Conclusion

For the foregoing reasons, Defendant Boston Scientific's motion to dismiss on *forum non conveniens* grounds is hereby GRANTED. This case will be dismissed, subject to the following conditions:

---

**2.** The Court also denies Plaintiffs' request to transfer venue to the District of Massachusetts. Transfer in this instance would make litigation only marginally more convenient for

Defendant, and would not alter the *forum non conveniens* balancing analysis described above.

1. Defendant consents to the jurisdiction of Israeli courts and agrees to accept service of process in Israel in any civil action timely filed by Plaintiffs on their claims in this matter.

2. Defendant agrees to make available, at its own expense, any documents or witnesses within its control needed for fair adjudication of any action brought in Israel by the Plaintiffs on their claims in this matter.

3. Defendant consents to pay any final judgment or judgments, if any, which may be rendered against it in Israel in any civil action brought by Plaintiffs on their claims in this matter.

Defendant must advise the Court of its consent to these conditions within fourteen (14) days of this Order. An order of dismissal will be entered only upon Defendant's timely filing of a stipulation agreeing to all of the Court's conditions.